194 So.2d 820

**Joe D. MORGAN et al.**

v.

**STATE of Alabama.**

**3 Div. 223.**

Supreme Court of Alabama.

Jan. 26, 1967.

Rehearing Denied Feb. 16, 1967.

Jones, Murray, Stewart & Varner, Montgomery, for appellants.

Richmond M. Flowers, Atty. Gen., Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellee.

SIMPSON, Justice.

This is an appeal from a final decree rendered by the Circuit Court of Montgomery County, in Equity, which after careful consideration, this Court adopts as its opinion: The decree sets out the facts and issues involved herein.

"This cause came on to be heard on the 14th day of September, 1965, and was submitted on the pleadings filed by the respective parties, a stipulation made between the parties and introduced in evidence as a joint exhibit, and statements made ny counsel, as well as briefs filed by counsel for the benefit of the Court.

"The Court after carefully considering the evidence and also the arguments and the contentions made by counsel as contained in the briefs filed, makes the following findings and conclusions:

"The facts of this case are set out in the stipulation entered into by the parties and which has been introduced in evidence as a joint exhibit, and there appears to be no dispute in the facts.

"This case originated in this Court as four appeals taken on the Equity side under the provisions of Title 51, Section 140, Code of Alabama 1940, Recompiled 1958, from four final assessments made against the appellants by the State Department of Revenue, copies of which have been attached to the stipulation as exhibits thereto, for license taxes under Title 51, Section 613, Code of Alabama 1940, Recompiled 1958, for the appellants allegedly operating in this State a number of penny-in-the-slot gumball vending machines, during the periods of time designated in the assessments, namely, October 1, 1958—September 30, 1959, October 1, 1959—September 30, 1960, October 1, 1960—September 30, 1961, and April 1, 1961—September 30, 1961. The specific number of vending machines involved during each of the periods is stated in each of the assessments. The assessments in this respect are in the total amounts of $680.19, $656.07, $631.95 and $299.33, respectively, with interest to be added at the rate of six percentum per annum from November 9, 1961, the date that they were made final.

"The appellants during the time involved operated as a partnership known as the M & T Gum Machine Company, and in respect to the vending machines and the gumballs vended thereby entered into a contract with the Ford Gum & Machine Company, Inc., a New York corporation, with offices in Lockport, New York, and certain civic clubs in this State who were designated as 'sponsors' and who for an amount equivalent to twenty percent of the proceeds from the vending machines, which they were to donate to some charity, were to procure the consent of business establishments in this State to place the vending machines in their places of business for the purpose of vending the gum through said machines without any charge being made for placing the machines in their establishments. A copy of the contract which was typical of all the transactions involved is attached to the stipulation also as an exhibit thereto.

"The facts of these cases as are otherwise set forth in the stipulation are as follows:

" 'The Ford Company, hereinafter called "Manufacturer", under its contracts sells the machines and the gum vended thereby to the "operator", and the "operator" owns and keeps the machines in operation and in repair. The manufacturer and the operator work in conjunction with civic clubs in each town wherein they operate, such civic clubs being known as the "sponsor". The civic club makes arrangements for the location of the machines and generally sponsors and promotes in its name the program of sales throughout its jurisdictional area. Under its contract with the manufacturer and the operator the sponsor receives twenty (20%) percent of gross receipts from the operator and agrees to pay any tax required to be paid on the machines, and the contract provides that said twenty (20%) percent be used for charitable purposes. The manufacturer sells the machines to the operator and the gum is sold to the operator who pays the manufacturer therefor. The operator services the machines, maintains a supply of gum therein, and removes the pennies therefrom and gives the sponsor twenty (20%) percent of such proceeds. The sponsor, through the good will of the merchants and businessmen of the community is allowed to place the machines in their places of business free of charge, and the sponsor receives its share of the gross monthly receipts from the operator of the machines as aforesaid. A copy of the contract made between the manufacturer and the operator and sponsors is attached and is incorporated herein and made a part hereof.'

"There was also some evidence introduced under the stipulation to the effect that the Ford Gum Company had commenced operations in Alabama in or before 1949, and that no license tax, prior to the time involved in these cases, was demanded or collected to their knowledge on the operation of the Ford penny vending machines where at least twenty percent of the proceeds from the machines were donated to charity in the State of Alabama. There was also evidence in the stipulation to the effect that when these cases arose that this was the first time that the question of whether or not the operators of penny vending machines who gave at least twenty percent of the proceeds derived from the operation of such machines to charity were exempt from the payment of the vending machine license tax under Section 613, Title 51, Code of Alabama 1940, and as amended, was ever called to the attention or presented to the Department.

"It was also stipulated that if the present Chief of the License Tax Division of the State Department of Revenue, and the former Chief of said Division were present in Court, that they would testify that on May, 1957, the Department promulgated the following directive, which was distributed to all members of its field force as well as to members of the vending machine trade in this State, to wit:

" 'May 9, 1957

*" 'TO ALL FIELD MEN*

" 'The definition of the word "operator" as interpreted by our Legal Division includes, but is not necessarily limited to, the person who owns or exercises control of the vending machine and services said machine, whether or not the machine is placed in operation on a commission or rental basis.'

"Included within the scope of the vending machine license tax under Section 613, Code 1940, Recompiled 1958, are the following machines, among others:

" 'For each machine for vending *gum*, soft drinks, ice cream * * *.'

(Emphasis supplied.)

"Section 613, supra, expressly levies the vending machine license on the following person:

" 'The license herein provided for shall be levied upon *the operator of the machine,* * * *.'

(Emphasis supplied.)

"The proviso under consideration and which is also found in Section 613, supra, is materially, as follows:

" '* * * provided, however, that in the event any unlicensed machine * * * is found in any establishment or place of business, the operator of such establishment shall be conclusively presumed to be the operator of such machine * *.'

"The first question to be resolved is whether the proviso under consideration is so clear in its meaning that the presumption provided for therein is a conclusive and irrefutable one that it cannot otherwise be interpreted or construed.

"If it is determined that the presumption is a conclusive one, then the question has been raised as to whether it is valid. In other words, if it is conclusive then can it stand up under the Due Process Clause of the Federal Constitution and comparable provisions of the State Constitution?

■ "In the opinion of the Court the proviso involved calls for an interpretation and is subject to construction. To conclude without further consideration that the proviso on its face contains an irrefutable presumption that the owner of an establishment where an unlicensed vending machine is found is conclusively presumed to be the operator of the machine would because of the question of due process which would arise cast serious doubts concerning its constitutionality. Moreover, the well established rule is that where such doubt arises, then a statute should be construed in such a way if it is at all possible to do so, to give it validity and to remove any question of its constitutionality. Henry v. McCormack Bros. Motor [Car] Co., 232 Ala. 196, 167 So. 256; Johnson v. State, 245 Ala. 449 [499], 17 So.2d 662, among others.

■ "While the word 'shall', as used in statutes or otherwise, is generally said to be used in the imperative or mandatory sense, there is a very notable exception to this where from the circumstances it is obvious that the legislature intended otherwise and also where the validity of the statute itself is placed in jeopardy. The exception appears to recognize the fact that the man on the street, aside from the strict rules of grammar, often uses the words 'shall' and 'may' interchangeably and without regard to fineness of meaning. Thus, to carry out the real legislative intent, and as it has been said to prevent injustice being done by making justice the slave of grammar, courts have under similar circumstances as are here involved construed the word 'shall' as permissive and as equivalent to 'may'. See Black's Law Dictionary, Fourth Edition, 'May' and 'Shall' and the numerous authorities cited therein which support the use of said exception where the circumstances permit, and 82 C.J.S. [Statutes], Section 380, pp. 878, 881, and cases cited in the footnotes.

■ "By applying this rule or exception to the proviso under consideration in Title 51, Section 613, supra, the pertinent part

of the proviso can be construed to read, ' * * * such establishment (may) be conclusively presumed to be the operator of such machine * * *' This would suggest some leeway on the part of those charged with the enforcement of the license tax laws to ascertain who the actual operator of the machine is for the purpose of assessing the vending machine license tax, and in the case of the owner of the establishment the right under said proviso to have his day in court and to present proof to the contrary where he is not the operator of the machine.

"The question of who is the real operator of a vending machine is a question of fact, and where there is a dispute a question of proof. The presumption contained in this proviso then clearly affects the right of proof and to present evidence to the contrary. Consequently, it is clear that the legislature in this respect did not intend to make a rule of substantive law for in cases such as the one presented here there is no rational connection in fact or probability in experience by which to conclusively and finally determine that the owner of the establishment is the same person as the operator of the vending machine, just because he has allowed the machine to be put in his place of business. To do so under the circumstances then would appear to be both arbitrary and capricious.

■ "For the conclusion contained in the proviso to be so construed as a conclusive and irrefutable one then would in the opinion of the Court effectively deprive the operator of the place of business, where the machine is located, of his day in Court and would be in the Court's opinion in conflict with the Due Process Clause of the Federal Constitution and comparable provisions of the State Constitution and cause the proviso to be unconstitutional. Zeigler v. South & North [Ala.] R. R. Co., 58 Ala. 594; Pike v. Southern Bell Telephone & Telegraph Co., 263 Ala. 59, 81 So.2d 254; Schlesinger v. [State of] Wisconsin, 270 U.S. 230, 46 S.Ct. 260 [70 L.Ed. 557], Hoper [Hoeper]

v. Tax Commission of Wisconsin, et al., 284 U.S. 206, 52 S.Ct. [120] 121, 122 [76 L.Ed. 248]; Heiner v. Donnan, 285 U.S. 312, 52 S.Ct. 358, 360 [76 L.Ed. 772]; and United States v. Provident Trust Co., 291 U.S. 272, 54 S.Ct. 389, 392 [78 L.Ed. 793].

■ "The appellants have introduced by way of the stipulation some evidence to the effect that although the 'manufacturer', Ford Gum Company, came into Alabama in or about 1949, the State made no attempt to collect the license on its operations or those with whom it dealt in this State in operating penny gumball vending machines, and where twenty percent of the proceeds of such machines were allegedly given to charity, until these cases arose. In this respect the appellants argue that this established a kind of precedent on the part of the State that such operations were not subject to the vending machine license. There is no evidence, however, that the State ever made any administrative interpretation of Section 613, supra, in this respect or that the State Department of Revenue ever issued any rulings accordingly. It appears that the failure to cite for the license until about the time the final assessments were made was probably caused by the failure of agents of the State to detect such operations until such time. It is also notable that at the time these cases arose there was no exemption contained in Section 613, supra, or in the license tax laws of this State which would expressly exempt from the license tax laws of this State the operation of such penny gumball vending machines, where twenty percent of the proceeds of such machines were allegedly given to charity. However, after these cases arose and in 1961, and by Act No. 38, Special Session of the Legislature 1961, effective October 1, 1961 (Acts 1961, Vol. II, pages 1890, 1893), the legislature did amend Section 613, supra, to expressly provide for such an exemption effective as of October 1, 1961. In the opinion of the Court the evidence as so presented by the appellants did not establish a precedent or any administrative ruling or interpretation on the part of the State whereby said gumball vending ma-

chines would be exempt from the license during the time involved in these cases. Griffin, et al., v. Edwards, Commissioner of Revenue, 260 Ala. 12, 68 So.2d 705, 708, 709.

"The foregoing being considered, the Court makes the following conclusions of law:

 "1. The appellants as owners of the vending machines involved and the gumballs vended thereby, kept the machines supplied with gumballs and otherwise serviced the machines and controlled their operation, as well as having taken the pennies therefrom as the owners thereof, were the operators of the machines as the term 'operator' is used in Title 51, Section 613, Code 1940, Recompiled 1958, and as such were liable for the license levied thereby for the operation of each of the vending machines included in the final assessments.

"2. The legislature in enacting the proviso in Section 613 which is under consideration in this case, and in providing that the 'establishment shall be conclusively presumed to be the operator of the machine', where an unlicensed vending machine is found in the establishment, appears under the circumstances to have clearly used the word 'shall' as being merely permissive and as the equivalent of 'may', and thus intended the conclusion to be a rebuttable one, where there was evidence to the contrary.

"3. To construe the word 'shall' as used in said proviso in the sense of being imperative or mandatory, and the presumption to be a conclusive and irrefutable one would cause the proviso to be unconstitutional, as being in conflict with the Due Process Clause of the Federal Constitution and comparable provisions of the State Constitution.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that judgment be and is entered in this cause in favor of the appellee and against the appellants and the sureties on their supersedeas bond, and the four final assessments of license tax which are the subject of the appeals in this cause and which were all made on November 9, 1961, and in the amounts of $680.19, $656.07, $631.95 and $299.33 respectively, are hereby in all respects affirmed, and the relief prayed for by the appellants denied. Interest is to be added to the total amounts of said assessments at the rate of six percentum per annum from November 9, 1961, to date. And IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the costs be and same are taxed against the appellants, and for the amount of the judgment and the cost execution may issue against the appellants and the sureties on their supersedeas bond on file in this Court."

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.