BRADLEY, Judge.
This is a teacher tenure case.
In 1976 Gloria Key was employed by the Henry County Board of Education as a kindergarten teacher. In May 1980 she was notified that her contract was to be terminated at the end of the school year. The reason given for the contract cancellation was Key’s failure to achieve parity with her peers in the area of verbal and writing skills. On June 17, 1980 the Board held a hearing to consider the charges made against her. After the hearing Key was notified by the Board that her contract was cancelled on the ground of incompetence. Key appealed to the State Tenure Commission (hereafter Commission) by filing written notice as provided by § 16-24-10, Code 1975.
Section 16-24-10(b) provides a tenured teacher the right to appeal a contract cancellation. The statute provides specified time limits for different portions of the appeal process. Specifically, the statute provides that the board shall deliver a record of the teacher’s hearing to both the Commission and the teacher no later than twenty days after the day upon which the hearing took place. Furthermore, the Commission shall hold a hearing within forty days after the decision of the Board. The rule promulgated by the Commission as to the time period for filing the record with the Commission follows the statute specifically. In this case the termination hearing was held on June 17, 1980. Twenty days from this hearing was July 7, 1980, and the fortieth day was July 28, 1980.
On July 1, 1980 the Board requested that the Commission grant a seven day extension beyond July 7,1980 in which to file its copy of the record of Key’s termination hearing. The reason given for the extension request was the fact that two appeals against the Board were pending at the same time. Key’s attorney objected to the granting of an extension. It was not until July 9, 1980, two days after the Board’s record should have been filed, that the Commission granted a seven day extension. On the same day the Commission also extended its deadline for conducting a hearing beyond the forty day period. The Board filed a partial copy of the record within the seven day period, but failed to submit a copy of its decision and findings until July 18,1980, claiming the omission was inadvertent. The Commission affirmed the Board’s decision while denying Key’s timely motion to strike the Board’s record.
On October 1, 1980 Key petitioned the Circuit Court of Henry County for a writ of mandamus directing the Commission to set aside its decision. Key contended that the extension of time granted by the Commission violated the express requirements of § 16-24-10, Code 1975. The circuit court denied the petition and Key appealed to this court.
The major issue to be decided is whether the Commission had the authority to extend the time periods contained in § 16-24-10. The Commission contends that the use of *135 the word “shall m the statute is meant only to be directory and not mandatory. The Commission also believes that such extensions should be allowed when either party can show necessity for such an extension of time. We agree with the Commission and affirm the judgment.
In this case, as in all cases of statu-toiy interpretation, we must consider the intent of the legislature in enacting the statute. Morgan County Board of Education v. Alabama Public School & College Authority, 362 So.2d 850 (Ala.1978); Drake v. Pennsylvania Threshermen & Farmers’ Mutual Casualty Insurance Co., 265 Ala. 444, 92 So.2d 11 (1957). The statute in this case is very clear in its provisions. It precedes every provision with the word “shall.” The word shall is normally considered to be mandatory, but in some cases has been held to be merely directory.
It has been held that where a provision relates only to form or manner, it is directory. Mobile County Republican Executive Committee v. Mandeville, 363 So.2d 754 (Ala.1978); Board of Education of Jefferson County v. State, 222 Ala. 70, 131 So. 239 (1930). In the Mobile County case it was also stated that legislative intent controls over the use of the words “shall,” “may,” or “must.” See also Morgan v. State, 280 Ala. 414, 194 So.2d 820, appeal dismissed, cert. denied, 389 U.S. 7, 88 S.Ct. 47, 19 L.Ed.2d 6 (1967). The use of the word “shall,” therefore, should not be construed as mandatory if the intent of the legislature shows that the term is merely directory.
The purpose of the time periods listed in the act is to insure a speedy disposition of teacher tenure cases. Washington County Board of Education v. Alabama State Tenure Commission, 364 So.2d 338 (Ala.Civ.App.1978). It is clear, however, that extensions of time within which to adequately perform the functions required by the statute are necessary to insure both the Board and the teacher a full and fair hearing. In the present case the Board had two cases at the same time. It surely would have been extremely difficult for the Board to be able to prepare all of the necessary documents and submit them on time. Surely the legislature did not intend for the time limits to be so strictly construed as to preclude some reasonable extension where an undue burden would be placed on the Board or the teacher. Moreover, we do not find the Tenure Commission’s promulgated rule to be contrary to the above assessment of § 16-24-10.
Appellant relies heavily on Washington County Board of Education, supra. That case, however, is clearly distinguishable from the present case because in that case the Washington County Board of Education failed to request an extension of time until after the statutory period had run. In the present case the Board made a timely request for an extension, even though the Commission failed to rule on the request until after the time period had run.
Another purpose of the act is to insure the teacher a full and fair hearing. Due process dictates that the teacher have a full hearing. In Wright v. Board of School Commissioners of Mobile County, 394 So.2d 62 (Ala.Civ.App.1981), we upheld the right of the Commission to adhere to the strict time limitation. In that case, however, we indicated that in certain circumstances an extension might be granted by the Commission although we specifically stated that we would not adhere to a “substantial compliance” doctrine. Due process, however, is not abrogated where no showing of prejudice is made and where the teacher is afforded a full and fair hearing without undue delay.
The purpose of the Tenure Act is clearly to afford the teacher every opportunity to have a complete hearing, and obviously the statute is meant to protect the teacher. However, we feel that in certain circumstances the Commission should be allowed to grant reasonable extensions of time to not only a board of education but also to the teacher.
In the case at bar this court finds that such exigent circumstances were *136 present so as to justify the Commission granting an extension. The Board made the request for an extension in a timely manner. Further, the delay in filing some of the papers due to an inadvertent error surely was not sufficient to prejudice Key’s rights. Finally, the Commission can extend the time for the hearing for a reasonable period where necessary to insure a full and adequate hearing. The teacher has not shown that these extensions in any way prejudiced her rights. There is also no showing that the hearing was unfair. In these cases then it is clear that the legislature did not intend to unduly burden the Commission, but wanted only to insure a speedy hearing. As long as there is not an undue delay in the hearing, the Commission has authority to grant reasonable extensions of time to either party. We therefore conclude that the Commission properly exercised its authority in this case. As a result the judgment of the circuit court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.