SHAW, Justice
(concurring in part and dissenting in part).
I agree that, in order to afford the deference required by Ala.Code 1975, § 16-24C-6(e),[2] a hearing officer, in reviewing a school board’s decision, must apply the “arbitrary and capricious” standard. See Cox v. Mobile Cnty. Bd. of. School Comm’rs, 157 So.3d 897 (Ala.Civ.App.2013), and Chilton Cnty. Bd. of Educ. v. Cahalane, 117 So.3d 363 (Ala.Civ.App.2012). I also agree that the decision of the Escambia County School Board (“the Board”) that John Lambert violated the Board’s Policy No. 826 should be reviewed under that standard. That said, I respectfully dissent from this Court’s decision to reverse the Court of Civil Appeals’ judgment and remand this case.
According to the legislature, the “purpose” of the Students First Act is to “[r]e-stor[e] primary authority and responsibility for maintaining a competent educational workforce” to school boards, and to “[e]liminat[e] costly, cumbersome, and counterproductive legal challenges to routine personnel decisions by simplifying administrative adjudication and review of contestéd personnel decisions.” Ala.Code 1975, § 16-24C-2(2) and (5). The review mechanism of § 16-24C-6(e), which, compared to previous law, limits the hearing officer’s power of review, is part of effectuating that purpose. As the main opinion notes, under prior applicable law — the Teacher Tenure Act and the Fair Dismissal Act — the- hearing officer was the finder of fact, and his or her decision was entitled to deference. The Students First Act has shifted that role to school boards and with it the deference afforded a board’s decision.
Any attempt to expand a hearing officer’s power at the expense of a school board’s does not provide the deference required by § 16-24C-6(e). Failing to require deference to a school board’s decision on the punishment given for a vio *770 lation of a policy adopted by a board effectively nullifies any deference afforded the board’s decision on whether a policy is violated in the first place. It shifts the “primary-authority and responsibility for maintaining a competent educational workforce” from school boards back to hearing officers and revives “costly, cumbersome, and counterproductive legal challenges to routine personnel decisions.”
Here, I see no need for this case to be returned to the hearing officer because the Board’s decision was not, as a matter of law, arbitrary and capricious. In describing the arbitrary-and-capricious standard, this Court has stated that “the reviewing court may not substitute its judgment” for that of the decision-maker. Ex parte Dunn, 962 So.2d 814, 816 (Ala.2007). Further,
“where ‘reasonable people could differ as to the wisdom of a [decision maker’s] decision[,] ... the decision is not arbitrary.’ [Board of Sch. Comm’rs of Mobile County v. Dunn, 962 So.2d [805,] 809 [ (Ala.Civ.App.2006) ]....
“ ‘If the decision-maker has “ ‘examined the relevant data and articulated a satisfactory explanation for its action, including a “rational connection between the facts found and the choice made,”’” its decision is not arbitrary. See Alabama Dep’t of Human Res. v. Dye, 921 So.2d [421, 426 (Ala.Civ.App.2005) ](quoting Prometheus Radio Project v. FCC, 373 F.3d [372, 389 (3d Cir.2004)] (quoting in turn Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168 [83 S.Ct. 239, 9 L.Ed.2d 207] (1962))).’ ”
Ex parte Dunn, 962 So.2d at 816-17 (quoting Board of Sch. Comm’rs of Mobile Cnty. v. Dunn, 962 So.2d 805, 810 (Ala.Civ.App.2006)). “Pursuant to the arbitrary- and-capricious standard of review, this court may ‘disagree with the wisdom of the decision, [but] we may not substitute our judgment for that of the [decision-maker].’ Ex parte Dunn, 962 So.2d at 823-24.” Bishop State Cmty. Coll. v. Thomas, 13 So.3d 978, 986 (Ala.Civ.App.2008).
Termination of employment is specifically provided as a possible consequence for a violation of Policy No. 826, and such a violation indisputably occurred in this case. Additionally, the Board could have concluded that Lambert’s failure to follow the policy created an extremely dangerous condition and that neither Lambert’s lack of malicious intent nor the failure of an unfortunate outcome negated that reality. Although it is true that the firearm might have been locked inside an office, this happened by chance: The firearm was not intentionally secured — Lambert did not even know the firearm was in his bag. Further, this did not prevent the discovery of the firearm by an apparently “unauthorized” individual. I can see how reasonable people could differ as to the wisdom of the Board’s decision to terminate Lambert’s employment; however, I see no lack of a “rational connection” between the offense in this case and the Board’s choice. Although I believe that the Board could have chosen to suspend Lambert instead of terminating his employment, the latter choice was not arbitrary and capricious. Although I might not agree with the wisdom of the Board’s decision, neither the hearing officer, nor the Court of Civil Appeals, nor this Court may “substitute [its] judgment for that of’ the Board.
STUART and BOLIN, JJ., concur.

. Section 16-24C-6 is part of the Students First Act of 2011. Ala.Code 1975, § 16-24C-1 et seq.