THOMPSON, Presiding Judge.
*658 The opinion of February 17, 2017, is withdrawn, and the following is substituted therefor.
On January 12, 2016, the superintendent of the Monroe County Board of Education ("the Board"), pursuant to the Students First Act ("the SFA"), § 16-24C-1 et seq., Ala. Code 1975, notified Carolyn J. Dailey, a nonprobationary classified employee, of his intention to terminate Dailey's employment with the Board. Dailey timely contested the superintendent's proposed termination of her employment, and she requested a hearing pursuant to the SFA. See § 16-24C-6(b), Ala. Code 1975.
The Board conducted a hearing. On March 23, 2016, at the close of the hearing, the Board orally informed Dailey that it had voted to uphold the superintendent's recommendation to terminate her employment.
On April 22, 2016, Dailey filed a notice of appeal to the State Superintendent of Education, requesting an administrative hearing. See § 16-24C-6(e), Ala. Code 1975. An administrative-hearing officer conducted a hearing on July 26, 2016. It is undisputed that the Board did not include a written decision in the record it submitted to the hearing officer; Dailey disputed that she had received a written decision from the Board terminating her employment. At the close of the administrative hearing, the Board, apparently orally, moved to supplement the administrative record to include a copy of the Board's written decision to terminate Dailey's employment. The Board later filed an undated post-hearing brief that included a motion to supplement the administrative record with a copy of its written decision to terminate Dailey's employment. The Board stated that it had attached its written decision as an exhibit to that filing, but that exhibit is not included in the record before this court. Dailey opposed the Board's motion to supplement the administrative record, and both parties submitted briefs on their respective positions on that issue. The hearing officer never ruled on the motion to supplement.
The hearing officer issued an undated decision affirming the Board's termination decision; in a motion to clarify filed after that decision was issued, Dailey alleged that the hearing officer's decision had been transmitted to her or her attorney on August 4, 2016. In the August 10, 2016, motion to clarify that decision, Dailey requested that the hearing officer clarify his decision to specify whether he found that she had received the Board's written decision and, if he found that she had not received the Board's written decision, to determine the effect of the Board's failure to notify her in writing of its termination decision. The hearing officer denied the motion to clarify on August 10, 2016.
Later, in an August 16, 2016, letter Dailey's attorney sent to the hearing officer concerning the composition of the record on appeal to be submitted to this court, Dailey's attorney asked, among other things, for a copy of "[a]ny document filed with you represented as the decision or notice of decision from the [Board] terminating the employment of [Dailey]." The hearing officer responded by letter, dated August 24, 2016, stating, in pertinent part, that "any such document as it might be interpreted by the parties is in the original record."
Dailey timely appealed the hearing officer's affirmance of the Board's termination decision to this court. On appeal, Dailey argues that the SFA requires that the Board issue a written decision and that its failure to do so deprived her of her due-process *659 rights under the United States Constitution. In support of her argument that the SFA requires that she be provided written notice of the Board's termination decision, Dailey cites § 16-24C-6(d). That section provides:
"Whether or not the employee requests a hearing before the governing board ..., the chief executive officer shall give written notice to the employee of the decision regarding the proposed termination within 10 calendar days after the vote of the board.... If the decision follows a hearing requested by the employee, the notice shall also inform the employee of the right to contest the decision by filing an appeal as provided in this chapter."
(Emphasis added.)
Dailey contends that she did not receive written notice of the Board's decision until the close of the administrative hearing, when the Board sought to supplement the record before the hearing officer to include its written decision; she avers in her brief submitted to this court that, out of an abundance of caution, she had appealed following the oral ruling of the Board within the period set forth in the SFA. The Board maintains that it did provide Dailey with "post-hearing notice of the Board's decision," but it concedes that the official record submitted to the hearing officer did not include a written decision by the Board concerning Dailey's employment.
Thus, the parties agree that the record before the hearing officer contained no written notice of the Board's decision. The parties disagree, however, regarding whether such notice was required.
" '[It is well established that where the issues involve only the application of law to undisputed facts appellate review is de novo. See, e.g., State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 810 (Ala. 2005). This has been held to be true where a hearing officer's decision is otherwise subject to more limited review. Ex parte Wilbanks Health Care Servs., 986 So.2d 422, 425 (Ala. 2007) ("Review of the hearing officer's conclusions of law or application of the law to the facts is de novo."); Barngrover v. Medical Licensure Comm'n of Alabama, 852 So.2d 147, 152 (Ala. Civ. App. 2002) ("The presumption of correctness does not attach to the hearing officer's conclusions of law; further, no presumption of correctness exists when a hearing officer improperly applied the law to the facts.").'
" Ex parte Soleyn, 33 So.3d 584, 587 (Ala. 2009). See also Huntsville City Bd. of Educ. v. Stranahan, 130 So.3d 204, 206 (Ala. Civ. App. 2013) ('We note that the facts pertaining to this issue are undisputed, and, therefore, the argument involves whether the hearing officers properly applied the law to the undisputed facts. Accordingly, this court reviews this issue de novo.'). We are not required to resolve any factual disputes in order to answer the questions of law presented in this case. Our review is therefore de novo."
Ex parte Lambert, 199 So.3d 761, 765 (Ala. 2015).
In support of the hearing officer's decision, the Board relies upon Cox v. Mobile County Board of School Commissioners, 157 So.3d 897 (Ala. Civ. App. 2013). In that case, Cox contested, pursuant to the SFA, the decision of the Mobile County Board of School Commissioners ("the Mobile Board") to terminate her employment. The Mobile Board conducted a hearing on August 2, 2012, but did not issue its written notice of its termination decision until August 24, 2012. In her appeal, Cox argued that the Mobile Board's failure to issue its written notice of decision within 10 days *660 after the hearing, as provided in § 16-24C-6(d) of the SFA, constituted an abandonment of its termination decision. This court disagreed, concluding that Cox had failed to show that she was prejudiced by the Mobile Board's late issuance of its written decision and, therefore, that her due-process rights were not violated under the facts of that case. 157 So.3d at 903-04. In reaching its holding, this court stated, in part:
" 'In this case, as in all cases of statutory interpretation, we must consider the intent of the legislature in enacting the statute. Morgan County Board of Education v. Alabama Public School & College Authority, 362 So.2d 850 (Ala. 1978) ; Drake v. Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co., 265 Ala. 444, 92 So.2d 11 (1957). The statute in this case is very clear in its provisions. It precedes every provision with the word "shall." The word shall is normally considered to be mandatory, but in some cases has been held to be merely directory.
" 'It has been held that where a provision relates only to form or manner, it is directory. Mobile County Republican Executive Committee v. Mandeville, 363 So.2d 754 (Ala. 1978) ; Board of Education of Jefferson County v. State, 222 Ala. 70, 131 So. 239 (1930). In the Mobile County case it was also stated that legislative intent controls over the use of the words "shall," "may," or "must." See also Morgan v. State, 280 Ala. 414, 194 So.2d 820, appeal dismissed , cert. denied, 389 U.S. 7, 88 S.Ct. 47, 19 L.Ed.2d 6 (1967). The use of the word "shall," therefore, should not be construed as mandatory if the intent of the legislature shows that the term is merely directory.' "
157 So.3d at 902 (quoting Key v. Alabama State Tenure Comm'n, 407 So.2d 133, 135 (Ala. Civ. App. 1981) ). In Cox, supra, this court concluded that the 10-day period after a hearing in which a written notice of decision is to be issued by a board is directory, rather than mandatory; it then concluded that Cox had not argued or demonstrated that the "tardy notice" she had received of the Mobile Board's written decision had prejudiced her. Cox, 157 So.3d at 903-04. The court then noted that "[w]hether a longer or a more clearly prejudicial delay might constitute reversible error is not properly before us ...." Cox, 157 So.3d at 904.
In this case, unlike in Cox, supra, the issue is not the timeliness of a written notice of decision of the Board pursuant to § 16-24C-6(d). Instead, in this case, the record does not demonstrate that any such written notice of decision was provided by the Board. The intent of the legislature in enacting the SFA was, in part, to provide "for fundamental fairness and due process to employees covered by" the SFA and to "[e]liminat[e] costly, cumbersome, and counterproductive legal challenges to routine personnel decisions by simplifying administrative adjudication and review of contested personnel decisions." § 16-24C-2(1) & (5), Ala. Code 1975. In addition, in enacting the SFA, the legislature specified that the SFA was intended to "to provide rights, remedies, and obligations with respect to employment actions affecting or involving certain employees or categories of employees of city and county boards of education ...." Act No. 2011-270, Ala. Acts 2011, Title. Thus, it is clear from the intent of the legislature in enacting the SFA that, although the SFA is intended to simplify contests and reduce costs, it is intended to do so while protecting the rights of the employees and teachers to which the SFA applies.
The requirement that the Board provide written notice of its termination *661 decision to an employee is a " 'provision[ ] which relate[s] to the essence of the thing to be done; that is, to matters of substance, [and, therefore, is] mandatory.' " Board of Educ. of Jefferson Cty. v. State, 222 Ala. 70, 74, 131 So. 239, 243 (1930) (quoting Alabama Pine Co. v. Merchants' & Farmers' Bank of Aliceville, 215 Ala. 66, 67, 109 So. 358, 359 (1926) ). See also Howard v. Cullman Cty., 198 So.3d 478, 485 (Ala. 2015) (affirming a determination by the trial court that "the timing provision of former § 40-7-42[, Ala. Code 1975,] is directory, while the requirement to levy the amount of property taxes necessary to fund a county's expenses is mandatory"). That conclusion is consistent with the holding of Cox, supra, which determined that the provision pertaining to the timing of the required written notice is directory.
The record does not demonstrate that the Board complied with the mandatory requirement that it provide Dailey with written notice of its decision. That conclusion, however, does not end this court's analysis. Rather, this court must consider whether the hearing officer obtained jurisdiction to conduct an administrative review of the Board's decision in the absence of the written notice of the decision required by § 16-24C-6(d). D.C.S. v. L.B., 84 So.3d 954, 957 (Ala. Civ. App. 2011) ("[J]urisdictional issues are of such importance that this court may take notice of them ex mero motu.").
In a recent case, this court considered, among other things, whether jurisdiction existed to consider an administrative action under the Alabama Administrative Procedure Act ("the AAPA"), § 41-22-1 et seq., Ala. Code 1975. Huntsville Hous. Auth. v. State Licensing Bd. for Gen. Contractors, 179 So.3d 146 (Ala. Civ. App. 2014). In that case, the Alabama Licensing Board for General Contractors ("ALBGC") denied an application by the Huntsville Housing Authority ("HHA") for a general contractor's license, and the HHA requested an administrative hearing. After that hearing, a representative of the ALBGC informed a representative of the HHA that the application had again been denied and that a written decision would be sent to the HHA. The HHA appealed when it did not timely receive a written decision from the ALBGC; this court's opinion recognized that the HHA argued that it had not received a written notice, but that it had appealed the oral denial regardless. 179 So.3d at 148. The circuit court dismissed the HHA's appeal, concluding that it had failed to meet the requirements of the AAPA in filing its appeal. On appeal of that judgment to this court, this court concluded, among other things, that the AAPA requires that a final order be in writing, see § 41-22-16(a), Ala. Code 1975, and, therefore, that the ALBGC's failure to enter the written decision required by the AAPA resulted in there being no decision of which the circuit court could obtain jurisdiction to review. Huntsville Hous. Auth., 179 So.3d at 153-55. This court stated: "To be clear, this court holds that because there is no written final decision within the meaning of the AAPA in the present case, there is nothing for HHA to appeal from to invest the circuit court with subject-matter jurisdiction." Huntsville Hous. Auth., 179 So.3d at 156. This court held that the circuit court had dismissed the HHA's appeal for an incorrect reason, and, although it affirmed the result, i.e., the judgment of dismissal, this court directed the trial court to enter a judgment in compliance with its opinion. Id.
Although Huntsville Housing Authority, supra, was decided under the AAPA, the conclusions of this court in that case and in this case are that the applicable statute requires the issuance of a written decision by the pertinent agency. There is no indication *662 in the record that the Board complied with the mandate of § 16-24C-6(d) requiring that it issue a written notice of its termination decision to Dailey. Accordingly, the record contains no decision from which Dailey could appeal that would have invested the hearing officer with subject-matter jurisdiction. The hearing officer is therefore instructed to enter an order dismissing the action. See § 16-24C-6(d), Ala. Code 1975. We pretermit discussion of the other issues raised in the parties' appellate briefs.[1]
After this court released its opinion on original submission, the Board filed, together with an application for rehearing, a motion to supplement the record on appeal to include its written decision. The Board correctly points out that the written decision was referenced as having been attached as an exhibit to that part of its post-hearing brief in which it sought to supplement the administrative record. It contends on application for rehearing that that exhibit should have been included in the original record as an exhibit to that filing. However, neither in its motion to supplement nor in its application for rehearing does the Board explain why it did not seek to supplement the record on original submission to include that decision.[2]
The Board also argues for the first time on rehearing that the hearing officer's August 24, 2016, letter in response to a letter from Dailey's attorney about the composition of the record on appeal indicates that the hearing officer did consider the Board's written decision and, therefore, that this court should also consider that decision in reaching the merits of the appeal. However, that letter was sent after the hearing officer denied Dailey's motion to clarify, and it cannot be said to be a ruling in this matter.
The Board cites Walker v. Eubanks, 424 So.2d 631, 633 (Ala. Civ. App. 1982) (opinion on application for rehearing), in which this court allowed an appellant to supplement a record on appeal as a part of an application for rehearing to correct the "inadvertent omission" by the trial-court clerk of an earlier judgment that was relevant to the analysis of an appeal of the denial of a motion filed pursuant to Rule 60(b), Ala. R. Civ. P. In this case, however, there was no "inadvertent omission" of a part of the record. Both parties recognized on original submission that the written decision was not included in the original record. The Board did not seek to supplement the record on original submission pursuant to Rule 10(f), Ala. R. App. P. Rather, the Board argued in its brief on original submission that the hearing officer had determined that the termination of *663 Dailey's employment was proper even without the written notice of its decision, that Dailey was not prejudiced by its alleged failure to provide her written notice of its decision, and that the fact that the written notice of its decision was "not part of the record did not and does not prejudice Ms. Dailey in any way."
The Board's arguments in its motion to supplement and its arguments in its application for rehearing concerning supplementing the record on appeal, made only after this court reached a decision adverse to the Board, are impermissibly made for the first time on rehearing. See Kaufman v. Kaufman, 22 So.3d 458, 466 (Ala. Civ. App. 2007) (holding that an argument that the record on appeal should be supplemented on rehearing was improperly raised for the first time on application for rehearing).
"A rehearing is not an opportunity to raise new issues not addressed on original application. See Town of Pike Road v. City of Montgomery, [57 So.3d 693, 694] (Ala. 2006) (opinion on application for rehearing) ('As a general rule, the Court does not consider matters raised for the first time in an application for rehearing.' (citing Morgan Keegan & Co. v. Cunningham, 918 So.2d 897, 908 (Ala. 2005) )); Riscorp, Inc. v. Norman, 915 So.2d 1142, 1155 (Ala. 2005) (opinion on application for rehearing) (" 'The well-settled rule of this Court precludes consideration of arguments made for the first time on rehearing.' " (quoting Water Works & Sewer Bd. of Selma v. Randolph, 833 So.2d 604, 608 (Ala. 2002) )); and Kirkland v. Kirkland, 281 Ala. 42, 49, 198 So.2d 771, 777 (1967) ('We cannot sanction the practice of bringing up new questions for the first time in application for rehearing.'). Nor is an application for rehearing an invitation to reargue the issues already thoroughly considered on original application. See Willis v. Atlanta Cas. Co., 801 So.2d 837, 838 (Ala. 2001) (overruling an application for rehearing when it was 'simply an earnest reiteration of the appellant's original brief') (Johnstone, J., concurring specially). Instead, this Court invites an application for a rehearing so that we may be informed of a fact or a point of law that we have 'overlooked' or one that we have 'misapprehended.' "
Chism v. Jefferson Cty., 954 So.2d 1058, 1106-07 (Ala. 2006) (See, J., concurring specially on application for rehearing). In its application for rehearing, the Board does not contend that this court "misapprehended" its arguments; rather, it has impermissibly altered its arguments.[3] "Matters not argued in an appellant's brief on original submission cannot be raised for the first time on application for rehearing." SouthTrust Bank v. Copeland One, L.L.C., 886 So.2d 38, 43 (Ala. 2003) (opinion on application for rehearing). We deny the Board's motion to supplement the record. See Walker v. Eubanks, 424 So.2d at 633-34 (holding that the decision whether to allow a party to supplement the record on appeal after this court has reached a decision and the matter is before the court on application for rehearing is a matter within this court's discretion); and *664 Putnam v. City of Huntsville, 48 Ala.App. 33, 35, 261 So.2d 754, 756-57 (Civ. App. 1972) (opinion on application for rehearing) ("Several issues decided by the original decision are now presented to us again in the application for rehearing, but with new and different supporting argument; this new argument cannot now be considered. It comes too late.").
APPLICATION FOR REHEARING GRANTED; OPINION OF FEBRUARY 17, 2017, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED WITH INSTRUCTIONS.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

The parties dispute in their appellate briefs whether Dailey had a due-process right to written notice of the Board's decision and whether due process required that any such written notice contain findings of fact. We have concluded that the SFA required the Board to issue written notice to Dailey of its decision and that the Board failed to provide such notice, and, therefore, this court does not discuss any due-process issues in resolving this appeal.

We note that, even assuming that the written decision had been attached as an exhibit to the Board's post-hearing brief in the original record, this court could not consider that decision as a part of the administrative record absent some indication that the hearing officer had considered it or included it in the record. See, e.g., Ex parte Price, [Ms. 1151041, April 14, 2017] --- So.3d ----, ---- (Ala. 2017) (holding that, in the context of a motion to dismiss, when there is no indication that a trial court has considered additional materials, the appellate courts will not consider those materials). Nothing in this court's opinion should be interpreted as reaching the issue whether the hearing officer should or should not have allowed the supplementation of the record to include the Board's written decision.

Also, on application for rehearing, the Board argues for the first time that the appropriate remedy would be for this court to remand the action and to instruct the hearing officer, on remand, to address its motion to supplement the record. See SouthTrust Bank v. Copeland One, L.L.C., 886 So.2d 38, 43 (Ala. 2003) (opinion on application for rehearing)(issues may not be raised for the first time on application for rehearing). The Board has cited no applicable authority for the proposition that a failure to invest an administrative-hearing officer with jurisdiction may be cured by a reconsideration of a motion to supplement the record.