On Application for Rehearing

NABERS, Chief Justice.
The opinion of May 12, 2006, is withdrawn and the following is substituted therefor.
On May 12, 2006, this Court decided an appeal involving competing efforts by the City of Montgomery and the Town of Pike Road to annex a 700-acre tract of land located in Montgomery County. The parties represented to this Court that the facts were undisputed and that the issue for decision was which of two annexations — the City of Montgomery’s annexation by election (initiated in August 2005) or the Town of Pike Road’s annexation by petition (initiated in September 2005)— was entitled to priority. On the basis of those representations and the certified documents filed by each party in its respective annexation proceeding, this Court understood it to be undisputed that the 700-acre tract was in an unincorporated area in Montgomery County and was subject to annexation by either party.[1]
*694 In its application for rehearing, the City of Montgomery argued that the 700-acre tract was actually not located in unincorporated territory. The City of Montgomery advised the Court for the first time that it claimed to have annexed the tract in April 2005—four months before its annexation by election that was the subject of this appeal. Also for the first time, the City of Montgomery disclosed the existence of a pending circuit court action to decide the validity of the April 2005 annexation.
Those statements in the City’s application for rehearing suggested that the appeal in this case was premature. Accordingly, the Court ordered the Town of Pike Road to respond to the City’s application for rehearing. The Town of Pike Road’s response confirmed that the City of Montgomery had attempted to annex the tract in April 2005 and that the Town of Pike Road is challenging the April 2005 annexation in a pending action in the Montgomery Circuit Court. The Town of Pike Road’s response also showed that the Town of Pike Road has amended its complaint in the circuit court action to include the same issues that are the subject of this appeal.
After reviewing both the City’s application for rehearing and the Town of Pike Road’s response to that application, we hold that the appeal was premature. As a general rule, the Court does not consider matters raised for the first time in an application for rehearing. Morgan Keegan & Co. v. Cunningham, 918 So.2d 897, 908 (Ala.2005). However, it is now apparent that the outcome of this appeal depends on the resolution of issues that must still be determined by the circuit court, including the validity of the April 2005 annexation. Until those issues are resolved, the Court cannot decide the case. The appeal is therefore stayed. The parties shall notify the clerk of this Court when a final judgment has been entered in the action pending in the Montgomery County Circuit Court.[2]
APPLICATION GRANTED; OPINION OF MAY 12, 2006, WITHDRAWN; OPINION SUBSTITUTED; APPEAL STAYED. 
SEE, HARWOOD, STUART, and BOLIN, JJ., concur.

. The City of Montgomery filed in the Montgomery County Probate Court a certified reso *694 lution stating that the property sought to be annexed "lies within the County of Montgomery, and the boundary of the said real property is contiguous and adjacent to, and borders on, the corporate limits of the City. The said real property does not lie within the corporate limits of any other municipality.” The Town of Pike Road filed a certified copy of an ordinance stating: "The said real property lies within the County of Montgomery, and the boundary of the said real property is contiguous and adjacent to, and borders on, the corporate limits of the Town. The said real property does not lie within the corporate limits of any other municipality.”

. The parties regrettably failed to present a complete or accurate description of the relevant facts to this Court on original submission. As a result, the parties effectively asked the Court to issue an advisory opinion, apparently hopeful that it would create a tactical advantage or facilitate a settlement in the action pending in the circuit court. The parties’ arguments to this Court thus resulted in a significant and unnecessary waste of judicial resources.