On Application for Rehearing

THOMPSON, Presiding Judge.
The opinion of June 6, 2014, is withdrawn, and the following is substituted therefor.
This appeal arises from the denial of an application by the Huntsville Housing Authority (“HHA”) to the State of Alabama Licensing Board for General Contractors (“the Board”) for a general contractor’s license.
On April 3, 2013, HHA filed in the Montgomery Circuit Court (“the circuit court”) a' one-count complaint against the Board seeking to appeal the Board’s decision to deny’its licensure application, citing § 34-8-27, Ala.Code 1975. Section 34-8-27, which is part of the chapter of the Code addressing licensure of general contractors, § 34-8-1 et seq., Ala.Code-1975, provides:
“Amy party, aggrieved by any decision of the ...- Board, either in denying an application for license as: a general contractor or in revoking a license, may appeal to the Circuit Court of Montgomery County by filing a bond with the clerk of the court, conditioned to pay all costs of the appeal. Upon notice of the appeal being served upon the ... Board, an issue shall be made up by the court between the appellant and the ... Board, in which the appellant shall allege in what respect the action of the ... Board was erroneous and prejudicial to him or her; whereupon the court shall hear the evidence and, without regard to the decision of the ... Board, shall render such decision as the court is of the opinion the ... Board should have rendered-in the first instance.”
On the same day that HHA filed its complaint, HHA also filed a cost bond with the circuit court. '
In its complaint, HHA alleged and asserted, in part:
“5. On or about July 11, 2012, HHA submitted a written application (the ‘application’) to the Board for a general contractor’s license.
“6. On or about July 16, 2012, HHA received a memorandum from the Board (the ‘memorandum’).... with regard to the [general contractor’s] examination:
[[Image here]]
*148 “7. The memorandum ... requested that HHA complete some additional forms and provide some additional information. HHA completed the required forms and provided the requested information to the Board within a reasonable time after receiving the memorandum,
' “8. In 'reasonable reliance on the memorandum, HHA paid the required fees for its employee and qualified party, Connie McLaurin (‘McLaurin’) to 'register for and take the examination. The Board accepted the fees and allowed McLaurin to complete at least part of the examination.
“9. Ón January 9, .2013, ' after McLaurin had already taken part of the examination, Kristi Whynott with the Board contactéd McLaurin via telephone, and left a voice message stating that the Executive Secretary of the Board, Joseph Rodgers (‘Rodgers’), was denying the application ‘based on the definition of general contractor because [HHA] [is] a non-profit organization.’
“10. On February 13, 2013, HHA sent a letter, to Rodgers requesting an opportunity to be heard at the February 20, 2013, Board meeting concerning the denial of the application.
“11. At the Board meeting on February 20, 2013, (the ‘-hearing’), the undersigned [counsel for HHA] appeared before the Board on behalf of HHA to appeal the denial of the application. The undersigned presented facts and legal argument showing that the application was due to be granted, and answered questions, posed by the Board members.
“12. At the hearing, the only argument advanced by the Board members and/or Rodgers in opposition to the granting of the application was that HHA is a public entity, and public entities should not compete with private entities..
[[Image here]]
“14. At the conclusion of the hearing, the Board instructed [counsel for HHA] that it would consider HHA’s appeal of the denial ¡of the application, and inform HHA and/or [counsel for HHA] when it reached a decision concerning the same.
“15. On or around March 5, 2013, an assistant for [counsel for HHA] contacted the Board to inquire as to whether a decision had been reached concerning HHA’s appeal. Rodgers returned her call and stated, over the telephone, that the Board had denied HHA’s application, and that the Board would send HHA something ih writing outlining the Board’s reasoning for thé denial.
“16. On March 25, 2013, because nei-thér HHA nor [counsel for HHA] had received anything in writing from the Board, [counsel'for HHA] sent a letter to Rodgers requesting written notice confirming the Board’s decision in regard to HHA’s application and outlining the reasons for said decision. A true and correct copy of the letter is attached hereto as Exhibit ‘A.’
“17. To date, neither HHA nor [counsel for HHA] has received anything in writing from the Board concerning HHA’s appeal of the' denial of its application for a'general contractor’s license/’
In its complaint filed in the circuit court, HHA asserted that its licensure application met the requirements of all applicable statutes, rules, and regulations, and, therefore, it maintained, it was entitled to a general'contractor’s license. HHA maintained:
“The Board has not provided HHA with anything in writing outlining the reasons for denying the [a]pplication. Nevertheless, assuming that the Board’s reason for denying the [a]pplication was that *149 HHA is a public entity, HHA states that the Board’s .decision was erroneous and prejudicial to HHA because there is no prohibition against public entities holding [a] general contractor’s license in the Alabama Code or the Alabama Administrative Code.”
HHA requested that the circuit court hear evidence and, without regard to the decision of the Board, render a judgment or decision as the Board should have rendered in the first instance, citing § 34 — 8— 27.
On May 6, 2013, the Board filed a motion to dismiss HHA’s complaint for, among other reasons, lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1), Ala. R. Civ. P. In its motion to dismiss, the Board did not reference the Alabama Administrative Procedure Act (“AAPA”), § 41-22-1 et seq., Ala.Code 1975; instead, the Board asserted, among other things, that the complaint should be dismissed because the Board is entitled to sovereign immunity. Several days later, on May 8, 2013, HHA filed an amended complaint seeking to add as additional defendants the five members of the Board, solely in their official capacities, and Joseph Rodgers, the Board’s executive secretary, solely in his official capacity.[1]
Thereafter, all the defendants moved to dismiss, asserting, among other things, that HHA’s action should be dismissed for lack of subject-matter jurisdiction because, they maintained, HHA had failed to exhaust its administrative remedies and/or had failed to comply with the appeal provisions of the AAPA.[2] HHA responded by asserting, among other things, that § 34-8-27, and. not the AAPA, provided the statutory basis for appeal of the Board’s denial of its licensure application. We note that § 41-22-20, Ala.Code 1975, a part of the AAPA, provides for .the appeal of a final decision of an administrative agency in a contested case; that statute provides, in part:
“(a) A person who has exhausted all administrative remedies available within the agency, other than rehearing, and who is: aggrieved by a final decision in a contested case is entitled to judicial review under. th[e AAPA].
“(b) All proceedings for review may be instituted by filing of notice of appeal or review and a cost bond with the agency to cover the reasonable costs of preparing the transcript of the proceeding under review, unless waived by the agency or the court on a showing of substantial hardship. A petition shall be filed either in the Circuit Court of Montgomery County or in the circuit court of the county in which the agency maintains its headquarters....
a
“(d) The notice of 'appeal or review shall b¿ filed within 30 days after the receipt of the notice of or other service of the final decision of the agency upon the petitioner .or, if a rehearing is requested .under Section 41-22-17, [Ala. Code 1975,] within 30 days after the receipt of the notice of or other service of the decision of the agency thereon— This section shall apply to judicial review from the final order or action of all agencies, and amends the judicial *150 review statutes relating to all agencies to provide a period of 30 days within which' to appeal or to institute judicial review.” ' '
On' August 1, 2013, the circuit court entered an “order of dismissal” that, among other things,' dismissed the action for lack of subject-matter jurisdiction, determining, in part:
“[HHA] has filed a complaint and first amended complaint in [the circuit court] seeking judicial review of the [Board’s] denial of its application for a general contractor’s license. Specifically HHA states in its first amended complaint that HHA’s attorney appeared at a hearing before the Board in February to appeal the denial of its application for a license. At that time, HHA’s attorney presented facts and legal arguments and answered questions posed by the Board members. Subsequently thereto, the Board denied HHA’s application.. (See first amended complaint at. paragraphs 16-19.)
“This court has considered HHA’s complaint, first amended complaint, motion for a preliminary injunction and response to motions to dismiss and defendants’ motion to dismiss, motion to dismiss first amended complaint, motion to dismiss claim for injunctive relief, and Rodgers’s motion to dismiss, as well as held a hearing on June 24, 2013, related to the same. Upon consideration of the foregoing, this court finds that it lacks subject matter jurisdiction over this matter based on HHA’s failure to meet the statutorily mandated notice and filing requirements for judicial review set forth under Ala.Code 1975 § 34-8-27 and the Alabama Administrative Procedure Act (the AAPA).”
HHA timely "appealed. The dispositive issue on appeal is whether the circuit court had subject-matter jurisdiction over this action. We .answer that question in the negative; we agree with the circuit court’s dismissal of this action for lack of subject-matter jurisdiction, albeit for a different reason than the one upon which the circuit court baséd its decision. '
At the outset, we note the applicable standard of review of a ruling on a motion to dismiss for lack of subject-matter jurisdiction. In Ex parte Alabama Department of Transportation, 978 So.2d 718, 720 (Ala.2007), our supreme court stated:
“ ‘ “In Newman, v. Savas, 878 So.2d 1147 (Ala.2003), this Court set out the standard of review of a ruling on a motion to dismiss for lack of subject-matter jurisdiction:
“ ‘ “ ‘A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993). This Court must accept the allegations of the complaint as true. - Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, -288 (Ala. 2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299.’
“‘“878 So.2d at 1148-49.”
“ ‘Pontius v. State Farm Mut. Auto. Ins. Co., 915 So.2d 557, 563 (Ala.2005). We construe all doubts regarding the sufficiency of the complaint in favor of the plaintiff. Drummond Co. v. Alabama Dep’t of Transp., 937 So.2d [56] at 58 [ (Ala.2006) ].’
“Ex parte Alabama Dep’t of Transp., 978 So.2d 17, 20-21 (Ala.2007).”
We also note that jurisdictional matters, such as whether a decision is final so as to support an appeal, aré of such importance that an appellate court may *151 take notice of them ex mero motu. See Alabama Dep’t of Econ. & Cmty. Affairs v. Community Serv. Programs of West Alabama, Inc., 65 So.3d 396, 402-03 (Ala.Civ. App.2010) (wherein this court, after noting that appellate courts may consider matters relating to subject-matter jurisdiction ex mero motu, determined that the trial court lacked subject-matter jurisdiction of a judicial-review action purporting to appeal a preliminary, as opposed to a final, decision under the AAPA).
In the present case, on or about March 5, 2013, Rodgers told an assistant of HHA’s counsel, via a telephone conversation, that “the Board had denied HHA’s [licensure] application, and that the Board would send HHA something in writing outlining the Board’s reasoning for the denial.” On or about March 25, 2013, because neither HHA nor HHA’s counsel had received “anything in writing from the Board” regarding the Board’s denial of HHA’s licensure application, HHA’s counsel wrote the Board a letter requesting written confirmation of the Board’s decision regarding the denial. On April 3, 2013, HHA filed in the circuit court the present action seeking to appeal the Board’s decision to deny its licensure application because, as of that date, neither HHA nor HHA’s counsel had received any “written notice” regarding the Board’s denial of HHA’s licensure application.
The AAPA, which was enacted by Ala. Acts 1981, Act No. 81-855, “is intended to provide a minimum procedural code for the- operation of all state agencies when they take action affecting the rights and duties of the public.” § 41-22-2(a), Ala. Code 1975. .
Section 41-22-26, Ala.Code 1975, provides, in part: “[I]t is the express intent of the Legislature to replace all provisions in statutes of this state relating- to ... agency orders, administrative adjudication, or judicial review thereof that are inconsistent with the provisions of th[e AAPA].”
Section 41-22-3, Ala.Code 1975, defines, among other terms, “contested case,” “license,” and “licensing” as follows:
“(3) Contested case. A proceeding, including but not restricted to .,. licensing, in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing....
“(4) License. The whole or part of any agency franchise, permit, certificate, approval, registration, charter, or similar form of permission required by law, but not a license required solely for revenue purposes when issuance of the license is merely a ministerial act.
“(5) Licensing. The agency process respecting the grant [or] denial[ ] ... of a license_”
Sections 41-22-12 through 41-22-18, Ala.Code 1975, set forth the procedures to follow in contested eases, and § 41-22-19(a), Ala.Code 1975, provides that “[t]he provisions of [the AAPA] concerning contested cases shall apply to the grant [or] denial ... of a license.” Section 41-22-15, Ala.Code 1975, provides, in part: “[I]n a contested case, a majority of the officials of the agency who are to render the final order must be in accord for the decision of the agency to be a final decision.” Section 41-22-16(a), Ala.Code 1975, requires the final order in a contested case to be in writing, and § 41-22-16(d), Ala.Code 1975, sets forth the procedure for an agency to notify a party of a final decision in a contested case.
“[T]he first rule of statutory construction [is] that where the meaning of the plain language of the statute is clear, it must be construed according to [its] plain language.” Ex parte United, Serv. Stations, Inc., 628 So.2d 501, 504 (Ala.1993). *152 “Principles of statutory construction instruct this Court to interpret the plain language of a statute to mean exactly what it says and to engage in judicial construction only if the language in the statute is ambiguous.” Ex parte Pratt, 815 So.2d 532, 535 (Ala.2001). Based on the plain language of the AAPA, the Board’s licensing process, including its denial of a licen-sure application, as in the present action, falls within the definition of a “contested case” under the AAPA. § 41-22-3(3) (defining “contested case”); § 41-22-3(5) (defining “licensing”); and § 41-22-19(a) (providing that the provisions of the AAPA concerning contested cases apply to the denial of a license). See also Scott v. State Pilotage Comm’n, 699 So.2d 196, 199 (Ala. Civ.App.1997) (wherein this court, after quoting a portion of the definition of “contested ease” under ' § 41-22-3(3), noted that “the denial of a license is considered a contested ease”).
Section 41-22-25, Ala.Code 1975, provides:
“(a) Th[e AAPA] shall be construed broadly to effectuate its purposes. Except as expressly provided otherwise by th[e AAPA] or by another'statute referring to th[e AAPA] by name, the rights created and the requirements imposed by th[e AAPA] shall be in addition to those created or imposed by every other statute in existence on the date of the passage of th[e AAPA] or thereafter enacted. If any other statute in existence on the date of the passage of th[e AAPA] or thereafter enacted diminishes any right conferred upon a person by th[e AAPA] or diminishes any requirement imposed upon an agency by th[e AAPA], th[e AAPA] shall take precedence unless the other statute' expressly provides that it shall take precedence over all or some specified portion of th[e AAPA].
“(b) Except as to proceedings in process on October 1, 1982, th[e AAPA] shall be construed to apply to all covered agency proceedings and all agency action not expressly exempted by th[e AAPA] or by another statute specifically referring to th[e AAPA] by name.”
In the present action, none of the conditions in § 41-22-25(a) apply, so" the AAPA governs. Section 41-22-20 provides for the appeal of á final decision in a contested case. Section 41 — 22—16(a) requires the final order to be in writing and to include findings of fact and conclusions of law. It also provides that the written final order
“shall be rendered within 30 days:
“(1) After the hearing is concluded, if conducted by the agency;
“(2) After a recommended order, or findings and conclusions are submitted to the agency and mailed to all parties, if the hearing is conducted by a hearing officer; or
“(3) After the agency has received the written and oral material it has authorized to be submitted, if there has been no hearing. The 30 day period may be waived or extended with the consent of all parties and may be extended by law with reference to specific agencies.”
§ 41-22-16(a)(emphasis added).
In the present case, it is undisputed that the Board failed to comply with the mandatory requirements of § 41-22~16(a) regarding its denial of HHA’s licensure application. Rodgers’s statement to the assistant to HHA’s counsel during the March 2013 telephone conversation appears, at best, to be a courtesy or a preliminary notice of denial, informing HHA to expect .a written final decision of the Board regarding the denial; no such written final decision was rendered.
*153 On application for a rehearing, the Board asserts, among other things, that it now “is without power to take any further action in this case, including issuing a written decision,” because, it says, HHA’s application was denied by “operation of law.” The Board appears to suggest that, even if the circuit court’s judgment is amended to require the Board to enter a written final decision, it cannot be compelled to do so at this point in the. litigation. Specifically, the Board says, Rule 280 — X~l—.36(2), Ala. Admin. Code (State Licensing Bd. for Gen. Contractors), which governs the Board, provides that ah application for a license must be approved within a year of the original application date. If the application is not approved within that time, the Board says, the application is deemed denied “by ‘operation of law.” Here, the Board says, because HHA filed its application on July 11, 2012, far more than one year ago, that application is now moot.
However, we, cannot agree with the Board or with the dissenting opinion’s conclusion that HHA’s application was deemed denied “by operation of law.” The dissenting, opinion states that, in Noland Health Services, Inc. v. State Health Planning & Development Agency, 44 So.3d 1074 (Ala.2010), our supreme court held that the requirements of § 41-22-16(a) are inapplicable'when a state agency denies an application by operation of law. Accordingly, the dissenting opinion concludes, the Board was not required to enter a written-final -decision. We find the reliance on Noland Health Services to be misplaced.
That case involved a declaratory-judgment action that Noland Health Services had filed in the Montgomery Circuit Court against other health-care providers, and the State Health Planning and Development Agency (“SHPDA”). The’ healthcare providers and Noland Health.Services had submitted competing applications for certificates of need (“CON”) to provide a new health-care facility in Huntsville. Pursuant to § 22-21-275(3), Ala.Code 1975, which sets, forth the procedures the legislature requires SHPDA to follow, in reyiewing applications for CONs, once SHPDA. has determined that an application is complete and has notified the applicant of that fact, SHPDA’s Certificate .of Need Review, .Board (“CONRB”) must complete its. review of the application and make a decision within 90 days. SHPDA may extend the review period by 30 days without the consent of the applicant; with the applicant’s written assent, the review period may be extended without limitation. § 22-21-275(3); Noland Health Servs., 44 So.3d at 1075. Section 22-21-275(3) states, in pertinent part: “All reviews [of CON applications] must be completed pri- or to the termination of the review period. If the state agency does not make a decision within the period of time specified for state agency review, the proposal shall be deemed to have been found not to be needed.” Section 22-21-260(14), Ala. Code 1975, sets forth the definition of the “State Health Planning and Development Agency” and -provides, in pertinent part: “Where used in this article, the terms, ‘state agency,’ and the ‘SHPDA,’ shall be synonymous 'and may be used interchangeably.”
In Noland Health Services, the CONRB was unable to convene a quorum to consider the health-care providers’ CON applications within the time allowed by § 22-21-275(3), and written consent of the applicants to extend the review period could not be obtained. Noland Health Servs., 44 So.3d at 1076. Noland Health Services sought a judgment in the circuit court declaring that each of the applications of the health-care providers was deemed denied as a result of CONRB’s- failure .to make a decision on those applications within the applicable review period. Noland *154 Health Services also sought a declaration that the time within which any of the health-care providers could have requested judicial review of the denial of the applications had expired, making any appeals of the denials untimely. Id. After a hearing, the circuit court entered a judgment declaring that all of the applications had been denied as a matter of law because of CONRB’s failure to convene a quorum. Accordingly, the circuit court held, that failure left CONRB ‘“without power to take any action in this case ..., including issuance of a'“'‘final order.’’””' Id. None of the parties appealed from that portion of the judgment. However, the circuit court went on to hold that “ ‘all applicable appellate deadlines to [the] Circuit Court run from the date of [this] order.’ ” Id. Noland Health Services appealed from that portion of the judgment, asserting that the time for filing a notice of appeal had already run and that the circuit court did not have the authority to reestablish that date.
On appeal, Noland Health Services argued that § 41-22-20(d), Ala. Code 1975, a part of the AAPA, provides that judicial review of an agency’s decision shall be filed within 30 days after receipt of the notice of or other service of the -final decision of the agency. Noland Health Service’s position was that, under the circumstances of that case, no action was required of SHPDA to initiate the period for filing a notice of appeal. One of the. other health-care providers took the position that SHPDA was required to enter a written final order for the 30-day period in which to appeal to begin to run.
In resolving the issue, our supreme court wrote:
“First, § 41-22-16(a) assumes that the administrative agency has the ability to act and to issue a written final order; the statute does not contemplate a situation in which a CON application is denied by operation of law under § 22-21-275(3), Ala.Code 1975, as a result of the CONRB’s inability to act within a specified period. In the present case, as the circuit court found, SHPDA was without power to take any action, including issuing a final order, after the expiration of the 90-day period, as extended. Therefore, § 41-22-16(a) is inapplicable to the present situation.”'
44 So.3d at 1078-79.
In the case at bar, as mentioned, the Board contends that its regulation. Rule 230-X-1-.35(2), provides that if an application to the. Board is not approved within a year of the original application date, the application is deemed denied by operation of law. Rule 230-X-1-.35 is titled “Testing Requirements” and provides:
“(1) An application for license must be filed with the board prior to exam registration. Applicants meeting prequalifi-cation are referred to the testing vendor.
“(2) Candidates must schedule their exams upon approval of their application by the Board. The candidate’s application must be. approved by the Board and passing scores on any required exams or required reference letters must be completed within a year from the.original application date.
“(3) Score information will be related to candidates as Pass or Fail.
“(4) Candidates will be required to bring to the test site one government issued photo-bearing ID as proof of identity.
“(5) Candidate photos taken by the testing vendor at the beginning of the testing session will appear on the score reports provided to the [B]oard.
“(6) Candidates shall be allowed to use reference books while testing.
*155 “(7) All exams will' be given on computer, except for those where [the federal Americans with Disabilities Act] dictates the use of a paper-based test.”
Rule 230-X-l-.35(2), a regulation setting forth the testing requirements established' by the Board, and § 22-21-275(3),' a statute passed by the legislature mandating that a decision on a CON application must be made within a specific time or the CON “shall be deemed to have been found not to be needed,” are not comparable. ’ Additionally, § 22-21-275(3) is applicable only to SHPDA and not to any other state agency. Thus, we disagree that, by analogizing the Board’s regulation with the SHPDA statute, one must conclude that any application not approved by the Board within one year from the original application date is deemed denied by operation-of law. Instead, we read Rule 230-X-l-.35(2) as notifying licensure applicants that, if the Board approves their applications, then they have one year from the date they filed their applications to provide the Board with passing scores on any required exams or with required reference letters. We do not read the regulation as providing that any application pending for more than one year from -the date the application was filed is deemed denied by operation of law.[3]. We find no legal authority to support the proposition that HHA’s application was denied by opera-, tion of law on July 11, 2013, as the Board asserts.
Even if Rule 230-X-1-.35(2) could somehow be read to create a certain time by which pending applications are deemed denied by operation of law, we would still find Noland Health Services to be inapplicable in this case. As our supreme court pointed out in Noland Health Services, “[t]he CONRB did not hate the power to take any action concerning the applications without a quorum, including issuing a written final order — ”44 So.3d at 1079. Our supreme court also stated that § 41-22-16(a) “assumes that the administrative agency has the ability to act and to issue a written final order.”
Unlike the CONRB in Noland Health Services, the Board in this case was not operating under any impediment preventing it from entering a written final order. Pursuant to § 41-22-16(a), the Board had 30 days from the date of the February 20, 2013, hearing to make a decision on HHA’s application and to issue a written final order. Even though counsel for HHA notified the Board that, as of March 25, 2013, the Board had not complied with the requirements of § 41-22-16(a) and requested a written order, the Board still refused to respond. To date, the Board continues to assert that it is not required to issue a written final decision, despite clear law to the contrary.
Although HHA did not have a written decision from the Board, it appears to have complied with the statutory requirements to appeal the denial of its applica *156 tion under both the AAPA and § 34-8-27, which is part of the chapter 'of the Code addressing licensure of general contraer tors. As mentioned above, in its complaint seeking judicial review, HHA stated that the Board’s decision to deny its application was erroneous and prejudicial, see § 84-8-27, because, HHA said, there is no legal authority prohibiting public entities from holding a general contractor’s license. HHA also filed a cost bond with the circuit court, see § 34-8-27; ef. § 41-22-20, Ala. Code 1975.[4] However, ■ because we hold that the. Board failed to enter a written final order from which HHA could appeal, and, therefore, failed to start the time in which HHA had to appeal, we need not reach the issue of whether HHA failed to comply with the notice and filing requirements necessary for perfecting judicial review.
On. rehearing, the Board also, asserts that the circuit court can take no action other than to dismiss HHA’s appeal; it cannot, the Board says, amend its judgment to require the Board to enter a written final decision. However, because the effect of the circuit court’s judgment as it is currently written prohibits HHA from pursuing an appeal of the Board’s decision, which it has the right to do, the judgment must be corrected. The Board cites no authority — and our research has not revealed any authority — for the proposition that ordering the circuit court to make such a correction in a judgment is beyond the scope of this court’s authority.
To be clear, this court holds that because there is no written final decision within the meaning of the AAPA in the present case, there is nothing for HHA to appeal from to invest the circuit court with subject-matter jurisdiction, See Alabama Dep’t of Econ. & Cmty, Affairs v, Community Serv. Programs of West Alabama, Inc., supra.[5] Because the circuit court does not have and never had subject-matter jurisdiction over this action, we uphold the circuit court’s dismissal of the.action.
As indicated above, however, our review of the record convinces us that the circuit court’s judgment, as written, incorrectly finds that the basis for dismissal is HHA’s “failure to meet the statutorily mandated notice and filing requirements for judicial review set forth under Ala.Code 1975 § 34-8-27 and the [AAPA].” That conclusion improperly bars PIHA from its legal right to pursue judicial review of the Board’s denial of its application for a general contractor’s license. Although this court agrees that the appeal is due to be dismissed, we have determined that the proper basis for the dismissalis the Board’s failure to enter a written final decision, not HHA’s failure to meet notice and filing requirements for judicial review. Once the Board complies with all of the requirements of § 41-22-16, including fo- *157 suing a written final decision containing findings of fact and conclusions of law, then and only then will the time in which HHA has to appeal the decision begin to run.
For the reasons set forth above, we instruct the circuit court to enter an amended order of dismissal, consistent .with this opinion, so that a written final decision may be rendered by the Board.[6]
APPLICATION FOR REHEARING GRANTED; OPINION OF JUNE 6, 2014, WITHDRAWN'; OPINION SUBSTITUTED; APPEAL DISMISSED WITH INSTRUCTIONS.
PITTMAN, THOMAS, and DONALDSON, JJ„ concur.
MOORE, J., concurs in part and dissents in part, ‘with writing.

. HHA also sought to add five additional counts not relevant to the disposition of this appeal. Therefore, we do not discuss those additional counts in detail.

. On June 24, 2013, the circuit court held a hearing at which it appears it heard oral arguments on the motions to dismiss filed by the Board and Rodgers, as well as various other motions and responses thereto. On July 15, 2013, the Board members jointly filed a motion to dismiss.

. Additionally, we note' that Rule 230-X-l-.33, Ala. Admin. Code (State Licensing Bd. For Gen. Contractors), provides:
“It is the burden of each applicant to supply all information to the Board which is necessary for the Board to ' consider the application. In the case of references whose names are furnished by the applicant, it is the burden of the applicant to see that its references respond in a timely fashion directly to the Board. Any application pending for a year or more without being completed will'be considered’noncompliant. An applicant whose application is noncom-pliant will be so notified by the Board. When an application becomes noncompli-ant, the applicant must complete a new application and submit the same together with another application fee in order to be considered for licensure by the Board."
(Emphasis added.)

. The dissenting opinion points out that the record contains no evidence that HHA filed a cost bond with the Board, as required by the AAPA unless such bond, is "waived by the agency or the court on a showing of substantial hardship,,’’ § 41 — 22—20(b). However, the record contains an appeal bond that HHA filed with the circuit court pursuant to § 34-8-27, in which it ’’assumeCd] responsibility for costs in conjunction with" its request for judicial review. The bond stated that PIHA "firmly binds itself to pay any costs which [the Board] might incur by reason of preparing the record or transcript of the proceedings under review or other costs properly attributable to HHA as a result of the above-captioned appeal to,tthe Circuit Court of Montgomery.”

. We note that § 41-22-20(1), Ala.Code 1973, provides that, ”[u]nreasonable delay on the part of an agency in reaching a final decision shall be justification for any person whose rights, duties, or privileges are adversely affected by such delay to seek a court order compelling action by the agency,”

. In doing so, we decline to express an opinion 'regarding the relative substantive merits of the positions assumed by HHA and the Board during their dispute,