PITTMAN, Judge.
This mandamus proceeding stems from a civil action brought in the Jefferson Circuit Court by the Birmingham Board of Education ("the Board") against the Alabama Public Charter School Commission ("the Commission"), and its individual members, arising out of the Commission's order approving-contrary to a previous decision by the Board-an application on the part of "STAR Academy" to operate a public charter school in Birmingham. Because we agree with the Commission's view that the circuit court lacked jurisdiction to consider the Board's action, we grant the petition and issue the writ.
Legal Background
In 2015, the legislature enacted Ala. Acts 2015, Act No. 2015-3, the "Alabama School Choice and Student Opportunity Act" ("the ASCSOA"), which has since been codified at Ala. Code 1975, § 16-6F-1 et seq. Generally speaking, the ASCSOA, for the first time, established state authority for the creation of "public charter schools," which, unlike "non-charter public schools" that are "under the direct management, governance, and control of a local school board or the state," are governed by "independent governing board[s]" and exercise "autonomy over ... decisions concerning finance, personnel, scheduling, curriculum, instruction, and procurement." Compare Ala. Code 1975, § 16-6F-4(14), with Ala. Code 1975, § 16-6F-4(16), Ala. Code 1975. The ASCSOA provides, however, that a public charter school "shall not be established in this state" unless duly *100 authorized by either (a) "[a] local school board, for chartering of schools within the boundaries of the school system under its jurisdiction," if such a local school board registers itself as an "authorizer" under the ASCSOA, or (b) the Commission. Ala. Code 1975, § 16-6F-6(a). The ASCSOA further provides that "[a] decision made by a local school board shall be subject to appeal" by an aggrieved applicant to the Commission if that applicant's application is denied by the pertinent local school board; the Commission, in turn, is statutorily permitted under the ASCSOA "to overrule the decision of a local school board and authorize a public charter school" under certain specified circumstances. Ala. Code 1975, § 16-6F-6(a)(4) and (c)(12).
Curiously, although the ASCSOA clearly provides for administrative appellate review of decisions of local school boards by the Commission, which is identified therein as "an independent state entity" ( Ala. Code 1975, § 16-6F-6(c)(1) ), the ASCSOA does not expressly provide for judicial review of decisions of the Commission authorizing the establishment of a public charter school notwithstanding the prior denial of authority on the part of a local school board. However, the Alabama Administrative Procedure Act ("the AAPA"), Ala. Code 1975, § 41-22-1 et seq., sets forth "a minimum procedural code for the operation of all state agencies when they take action affecting the rights and duties of the public," Ala. Code 1975, § 41-22-2(a). Under the AAPA, administrative proceedings pertinent to "the grant, denial, revocation, suspension, or renewal of" a "license"-which term encompasses "any agency franchise, permit, certificate, approval, registration, charter, or similar form of permission required by law," Ala. Code 1975, § 41-22-3(4) -are governed by the provisions of the AAPA governing "contested cases." See Ala. Code 1975, § 41-22-19(a). Persons who are "aggrieved by a final decision in a contested case" are entitled to judicial review under the auspices of the AAPA. Ala. Code 1975, § 41-22-20(a). However, the AAPA sets forth two procedural prerequisites to securing judicial review:
"Under the AAPA, a notice of appeal or review is to be filed with the rendering agency 'within 30 days after the receipt of the notice or other service of the final decision of the agency' or, if administrative rehearing is sought, within 30 days after the decision on the application for rehearing; in turn, an appealing party must file a petition for judicial review in the reviewing court within 30 days after filing the notice of appeal or review with the rendering agency. Ala. Code 1975, § 41-22-20(d). 'Appeals from decisions of administrative agencies are statutory, and the time periods provided for the filing of notice of appeals and petitions must be strictly observed,' on pain of dismissal. Eitzen v. Medical Licensure Comm'n of Alabama, 709 So.2d 1239, 1240 (Ala. Civ. App. 1998)."
Brunson v. Alabama State Bd. of Med. Exam'rs, 69 So.3d 913, 914-15 (Ala. Civ. App. 2011) ; accord Ala. Code 1975, § 41-22-20(b) ("All proceedings for review may be instituted by filing of notice of appeal or review ... with the agency ....").
Factual Background
The Commission's mandamus petition, the Board's answer, and the exhibits to those filings indicate the following undisputed facts. STAR Academy submitted an application to the Board requesting authority to operate a public charter school, but, on January 24, 2017, the Board denied that application. STAR Academy then appealed from that denial to the Commission, which held an open community hearing at *101 which the public was permitted to comment on the matter. According to the Board's answer, the Commission voted to overrule the Board's decision and to approve STAR Academy's application to operate a public charter school in Birmingham on May 2, 2017, and notified the Board of that vote by telephone.
On June 1, 2017, the Board initiated a civil action in the circuit court in which the Board sought declaratory and injunctive relief against the Commission and its individual members, including the setting aside of the Commission's oral approval of the application of STAR Academy. Subsequently, on June 27, 2017, the Commission entered a final order, in the form of a resolution, "overrul[ing] the decision of the ... Board ... and ... approv[ing] the application of" STAR Academy based upon specified findings of fact and conclusions of law. The Commission then filed, on July 12, 2017, a motion to dismiss the Board's action in the circuit court, asserting, among other things, that the Board's action was governed by the AAPA and that the Board had improperly sought judicial review while the cause was not ripe for such review, citing Huntsville Housing Authority v. State Licensing Board for General Contractors, 179 So.3d 146 (Ala. Civ. App. 2014), in which this court held that a circuit court does not acquire jurisdiction under the AAPA to review the actions of an administrative agency in the absence of a final, written order under Ala. Code 1975, § 41-22-16. After a hearing, the circuit court entered an order on August 3, 2017, determining that the Board's action seeking to reverse the Commission's authorization of STAR Academy to operate a public charter school was governed by the AAPA, that the Commission was an "agency" under the AAPA, and that the Board was a "person" under the AAPA. The circuit court further observed that the Board had been served with notice of the Commission's final order on July 3, 2017; purported to extend the time for the Board to file a "proper petition" for judicial review under the AAPA until September 1, 2017; and ordered that the individual members of the Commission would be dismissed as parties. Neither party sought review by this court of the August 4, 2017, order of the circuit court within the presumptive time limits set forth in Rule 21(a)(3), Ala. R. App. P.[1]
After the Board had filed an amended complaint on September 1, 2017, that, among other things, expressly invoked the AAPA as a basis for relief, the Commission filed a second motion to dismiss in which the Commission relied upon the Board's failure to have filed a timely notice of appeal under the AAPA with the Commission. The Board responded in opposition to the Commission's motion, asserting that the Commission had had actual notice *102 of the Board's intent to seek judicial review and that the Commission had itself been guilty in its appellate-review proceedings of omissions contrary to the requirements of the AAPA. On October 12, 2017, the circuit court entered an order denying the Commission's second motion to dismiss, after which the Commission timely filed its mandamus petition in this court.
Analysis
The Commission correctly notes that a party obtains judicial review in a circuit court of a final decision of a state agency, such as the Commission, reached in a contested case by both initially filing a notice of appeal within 30 days after the final decision of the agency and by filing, within 30 days after the filing of the notice of appeal (or any additional time afforded by the pertinent circuit court), a petition for judicial review of that decision. In this case, the Board initially filed in the circuit court a complaint that sought declaratory and injunctive relief with respect to an alleged May 2, 2017, communication by the Commission of its vote on STAR Academy's appeal; however, as Huntsville Housing Authority notes, when "there is no written final decision within the meaning of the AAPA in [a] case, there is nothing for [an allegedly aggrieved party] to appeal from to invest the circuit court with subject-matter jurisdiction." 179 So.3d at 156. Unlike in Huntsville Housing Authority, however, the Commission followed its oral announcement with a written resolution in compliance with the form requirements set forth in § 41-22-16 ; that order was entered on June 27, 2017, and the Board was notified of that order on July 3, 2017.
From that notification date, the Board had 30 days (or until August 2, 2017) to file a notice of appeal in conformity with subsections (b) and (d) of § 41-22-20, and an additional 30 days thereafter (or until September 1, 2017) to file a petition for judicial review in an appropriate circuit court. The Board, after the circuit court rendered its August 3, 2017, order, ultimately complied with the requirement under the AAPA to file a timely judicial-review petition; however, there is no indication in any of the parties' filings in this court that, between July 3 and August 2, 2017, the Board filed any notice of appeal. Further, the Commission first raised the applicability of the AAPA to the Board's efforts to overturn the Commission's decision regarding STAR Academy's application for authority to operate a public charter school in its first motion to dismiss filed on July 12, 2017, a full three weeks in advance of the expiration of the period afforded for filing a notice of appeal with the Commission under the AAPA, and there is no indication that the Commission or the circuit court made any representations to the Board that such a filing would not be necessary in order for the Board to preserve its rights to seek review of the action of the Commission on STAR Academy's application.[2]
The circuit court, in its August 4, 2017, order, correctly determined that the AAPA applied to the Board's action and properly recognized that the AAPA required the timely filing of a petition for *103 judicial review from a final agency order, but that court did not take note of the additional jurisdictional requirement that a notice of appeal be filed within 30 days after receipt of notice of a final agency order.[3] Moreover, to the extent that Ex parte Alabama State Personnel Board, 90 So.3d 766, 769-70 (Ala. Civ. App. 2012), suggests that a circuit court might have authority under the AAPA to enlarge the time for filing a notice of appeal with an agency (as opposed to the time for filing a petition for judicial review with that court) when such an enlargement is requested, we note that, as in that case, there is no indication in the parties' filings in this court that the Board sought or was granted leave to file a notice of appeal with the Commission out of time.
Because, "under § 41-22-20(d), a circuit court can acquire appellate jurisdiction over a final state-agency decision only if the appellant initially filed a notice of appeal with the agency within 30 days of the appellant's receipt of the agency's final decision," Ex parte Alabama State Pers. Bd., 90 So.3d at 770, and the respondent Board in this case did not do so, we agree with the Commission that the circuit court acted outside its discretion in denying the Commission's second motion to dismiss. Accordingly, the Commission's petition is granted, and the circuit court is directed to set aside its October 12, 2017, order and to enter a new order dismissing the Board's action.
PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.

To the extent that the Board's answer to the Commission's mandamus petition seeks to impugn the circuit court's conclusion that the AAPA applies to its action seeking review of the Commission's decision, based upon the Board's contention that it is not properly classified as a "person" under the AAPA or that the Commission's review process otherwise violated the AAPA in various respects, "we would simply note that 'there is no mechanism in Rule 21 that would allow a respondent to file a "cross-petition" after the expiration of the presumptively reasonable time for seeking review by a petition for an extraordinary writ.' " Ex parte C.P., 253 So.3d 401, 403 (Ala. Civ. App. 2017) (quoting Ex parte Siemag, Inc., 53 So.3d 974, 977 (Ala. Civ. App. 2010) ). That is not to say, however, that this court would be inclined to accept the Board's argument that it is an "agency" under the AAPA. See Board of Sch. Comm'rs of Mobile Cty. v. Biggs, 939 So.2d 942, 946-47 (Ala. Civ. App. 2006) (holding to the contrary).

That absence of misleading representations warrants the rejection of the Board's contention that the Commission is somehow equitably estopped to rely upon the time limitations set forth in the AAPA. See Paturu v. Medical Licensure Comm'n of Alabama, 981 So.2d 1122, 1123-24 (Ala. Civ. App. 2007) (expressly distinguishing East Colbert Store, Inc. v. Alabama Alcoholic Beverage Control Bd., 661 So.2d 757 (Ala. Civ. App. 1994), upon which the Board relies in its answer to the mandamus petition).

We note that there is authority for the proposition that an aggrieved party who desires judicial review of an agency's final order may satisfy both the notice and petition requirements by serving upon an agency, within 30 days after the agency has issued its final order, a copy of a petition for judicial review that has been filed in an appropriate venue, see Eley v. Medical Licensure Comm'n of Alabama, 904 So.2d 269, 275-76 (Ala. Civ. App. 2003) ; however, the parties' filings in this court reflect no attempt on the part of the Board between July 3 (the date the Board received a copy of the Commission's final order) and August 2 (30 days thereafter) to serve or file any notice or pleading that would trigger the holding in Eley.